Good morning, your honors. David Zuckman on behalf of Mr. Clardy. I would like to reserve a couple minutes for rebuttal. As your honors know, there are three issues specified before the court. The certificate of appealability and the real question redounds around whether California's definition of reasonableness was violated in this case. And in my mind, it's kind of analogous to quantum mechanics. And whenever I can make an analogy to quantum mechanics, I do so. Quantum mechanics was a great revolution. And the most important part of it was that we had to agree that not only was it unknowable in practice, whether the behavior of an electron at the quantum level, it was unknowable in principle. And that reminds me of what California's reasonableness review is. It seems to be rather observer dependent. Your honors are all reasonable judges, and no doubt your honors have all dissented about what reasonableness means. And what that means is while we can all agree about what constitutes the unreasonable, for instance, the 12-year delay in Carey v. Saffold or the three-year delay in Evans v. Chavez, when we're coming down to an 87-day period, there are numerous cases that find such a delay to be reasonable. And there are other cases on the other side finding that that sort of delay is unreasonable. And I think that puts this Court in a difficult position in deciding what is reasonable. We might all be able to agree about what constitutes an unreasonable delay, but there might be stark division about what constitutes a reasonable delay. Mr. Clardy took 87 days. Were you a philosophy major? It was too many units, Your Honor, so I only minored in it. What did you say? It was too many units, so I minored in it. I have a history degree. There's less units at Cal. What else? Berkeley. Berkeley. Yes. Fine institution, not very good at football. We're both from Berkeley. Yes, we are. Excellent. Well, I'll count you in my corner then. I'll join Berkeley, too. Well, you can. I'll tell you. Okay. Well, can we just take care of this case just by going to the uncertified issue that we asked for supplemental briefing on and just skip over all the other what's reasonable and not unreasonable? That's really the heart of it, isn't it? It is, Your Honor. And I think that this is a clear instance of where equitable tolling would apply because the trial court's finding that Mr. Clardy's petition was too late was premised on the fact that it had been four years, but he got abandoned on direct appeal by his lawyer, and he was spirited off to South Dakota to answer to some bank robbery charges, to which he received some sort of long sentence. But that's why his petition was late, and you can't hold that against him. It's a wholesale violation of the Sixth Amendment. So I think that that's the very definition of equitable tolling. Okay. We got your argument. Great. I'll sit down then. Thank you. We're here from the Department of Justice. For the record, I went to law school at Vanderbilt. I didn't go to Berkeley. That's almost as bad. Almost as bad. Good morning, Your Honors. Deputy Attorney General Erica Jackson on behalf of Respondent. First, I'd like to clarify that the superior court found the petition to be untimely also because the delay between the denial of the petition for review from the California Supreme Court and the filing of the first habeas petition, which was a delay of approximately 14 months. So the notion that the court held against him four years is incorrect. And regarding the application of Harris to this case, this case is distinguishable because the critical fact in Harris was the good faith reliance on Dictato, which was overturned by Pace. In that case, the first petition in the federal court was filed within weeks of Pace coming down. And in that case, the petitioner raised the issue of equitable tolling in the district court. And it was ruled on at that level. The district court found he was not entitled to equitable tolling. And he proceeded to rely on that argument throughout his proceedings. And it was found to be applicable by the Ninth Circuit in that case. Did the district court here make a similar finding? No. The court did not make a finding on equitable tolling, no, not in this case. That he had relied upon Dictato? No. The court did not make a reliance. But he had. No. He never ---- The magistrate judge didn't make such a statement? No. No. He first raised the reliance on Dictato in this court in July of last year. The case, he filed his petition in the district court in May of 2006. And the Respondent filed a motion to dismiss based on Pace. In his opposition to the motion to dismiss, he did not state at that point that he relied on Dictato. Was he prosaic at that time? He was. He asserted that he was entitled to statutory tolling. The court issued its R&R and found that the petition was untimely. And in his objections, he stated he was entitled to equitable tolling on a different ground. He contended that he had been denied his records at some point prior to the statute of limitations began running. He ---- the court did not rule on that on the opposition. I think it was filed too late at that point. I mean, on the ---- on that petition, I think it was filed too late. Excuse me. And then at the time he filed his request for certificate of appealability, he, I think, for the first time, he had raised something regarding that, but it was, again, not Dictato. And so as ---- in this case, there is no evidence of a good faith reliance on Dictato as was the situation in Harris. When did he first obtain counsel? He obtained counsel in ---- at this court, at this level. After we granted the certificate of appealability, right? That is correct. He was pro se all that other time. That is correct. Do you think that makes a difference? I'm not sure that it would unless that would be the distinction between this case and Harris. I'm not aware. Was Harris the petitioner represented by counsel in Harris? I was not able to determine the information before appearance. I don't know. I do know that even in cases where petitioners are pro se, they are able to raise various claims that can be considered by the court. It's kind of a hit and miss deal, though, right? That is true. But there are times when that can be raised, and it doesn't take more than asserting that he was relying on something else, that that was the reason he was entitled to a tolling. He could raise such statutory tolling in this case. He raised equitable tolling in his certificate of appealability, so there doesn't seem to be a reason why he couldn't have raised Dictato in this case as well. Unless there are any other questions, that would be the feedback. Any questions? No. Thank you very much. A couple of brief points, Your Honors. With respect to Mr. Clardy's assertion of equitable tolling, it is true that he raised that after the report and recommendation was filed. He moved to extend time to file objections. That motion was denied. Then he filed his certificate of appealability where he raised equitable tolling, and he's not really a wordsmith, so it wasn't very clear exactly the grounds. But I think that this Court indulges a presumption that litigants are following the applicable law. That's a general. We know all that. When did you first start representing him? Gosh. I mean, at which stage? Oh, appeal. I was posed after. Strictly appeal. Correct. After everything was denied. Yes, Your Honor. So if Your Honors don't have any questions, I'll submit. Okay.
judges: Mahan, Pregerson, Paez